Citation Nr: 1806340 
Decision Date: 01/05/18 Archive Date: 02/07/18

DOCKET NO. 14-14 611 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for a right shoulder disability, to include osteoarthritis and rotator cuff tear. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

S. Hurley, Associate Counsel


INTRODUCTION

The Veteran had active military service from September 1969 to February 1970. He also had service in the Army National Guard. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2013 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO), which, in pertinent part, denied service connection for right shoulder pain, to include a rotator cuff. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran filed a claim for a right shoulder disability in November 2012. He asserts it was incurred while playing softball for the Army National Guard in the summer of 1984. Furthermore, he indicated that he was required to undergo physical fitness tests every 6 months and performed physical training that impacted his right shoulder. 

The Veteran submitted a statement from his private physician, J.D., M.D., dated in January 2013. Dr. J.D. stated that he saw the Veteran in 1986 and gave him a permanent profile for degenerative arthritis of his right shoulder in 1998. He believed that the Veteran's degenerative arthritis of his right shoulder was due to the activities of the military. 

The Veteran underwent a VA examination in March 2014, at which time he was assessed with a rotator cuff tear and osteoarthritis. He reported that he was employed by the Army National Guard from 1970 to 2003 and he was deployed to Germany in 1979. The Veteran indicated that he first had a shoulder issue in 1984 when he was playing in a league for the Army National Guard. The question posed to the examiner asked whether there was a condition of the right shoulder that was caused by active duty training during 34 years of National Guard service or whether this shoulder condition was aggravated beyond a normal progression during training in the National Guard. The examiner responded that the Veteran's shoulder disability was not incurred in service because there was a reference to bursitis early in the Veteran's military record but no indication this was a persistent problem. Osteoarthritis was noted late in the Veteran's military career but this most often occurred in people over the age of 50 and can be hereditary. The examiner indicated that there was no evidence of trauma that could cause traumatic osteoarthritis. The examiner also concluded that the Veteran's shoulder disability clearly and unmistakably preexisted service and was not aggravated beyond its natural progression by an in service event. The examiner gave the same rationale as he did for his opinion that the Veteran's shoulder disability was not incurred in service. 

The Board notes that the record is not clear if the Veteran had additional active duty dates beyond his active duty service from September 1969 to February 1970, including any periods of active duty for training (ADT) and/or inactive duty training (IDT). The Veteran was employed by the Army National Guard from 1970 to January 2004 and reported that he had physical fitness tests every 6 months and reported to the VA examiner that he was deployed to Germany in 1979. Accordingly, the Board finds that a remand is necessary in order for the AOJ to obtain and provide information regarding the Veteran's periods of active duty, including any ADT or IDT. 

Moreover, the Board finds that Dr. J.D.'s February 2013 opinion and the March 2014 VA examination is insufficient to determine the etiology of the Veteran's right shoulder disability. In this regard, Dr. J.D.'s opinion indicated that he diagnosed the Veteran with right shoulder degenerative arthritis in 1998 and concluded that it was due to the activities of the Veteran's military. However, there is no indication that the Veteran had any active duty periods in 1998 and there is no rationale to support how his right shoulder arthritis is related to his active duty from September 1969 to February 1970. 

Furthermore, the March 2014 VA examiner assessed the Veteran with a right shoulder rotator cuff tear but failed to provide any etiology opinion with regard to this diagnoses. Furthermore, the VA examiner relied on both the Veteran's inactive duty service and active duty service dates to conclude that osteoarthritis was not incurred in service and also that it pre-existed service. The Board finds that these two opinions are in conflict and there is no evidence that the Veteran's right shoulder disability pre-existed his confirmed active service. 

Accordingly, on remand, the Board finds that a medical opinion by an orthopedist is warranted to determine the etiology of the Veteran's current right shoulder disability. 

Lastly, the Board finds that the latest VA medical records associated with the claims file are dated in January 2014. On remand, the Board finds that updated treatment records should be associated with the claims file. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file the Veteran's updated VA treatment records from January 2014 to the present. 

2. Take all necessary steps to verify the Veteran's periods of active duty for training (ACDUTRA) and inactive duty for training (IDT) for his Army National Guard service from 1970 to January 2004, to especially include any periods from the summer of 1984. Reserve retirement point sheets are not adequate for this purpose; rather, the specific dates of the Veteran's ACDUTRA and/or IDT service are required. If this information or documentation is unavailable this fact should be documented and a formal finding of unavailability should be made with notice to the Veteran and his representative and they should be given an opportunity to respond. 

3. After completion of #1 and #2, forward the entire claims file, including a copy of this remand, to an orthopedist for a medical opinion as to the etiology of the Veteran's right shoulder disability. The Board notes that an examination is not necessary unless so determined by the orthopedist. The claims file, including this remand, must be reviewed by the orthopedist and such review should be noted in the medical opinion. 

The orthopedist is to identify all right shoulder disabilities, including osteoarthritis and rotator cuff tear, which were identified during the pendency of the claim and provide an opinion as to the following: is it at least as likely as not (probability of at least 50 percent) that any right shoulder disability began in and/or is otherwise etiologically related to the Veteran's active service?

The examiner is to provide a comprehensive rationale for any opinion provided. All pertinent evidence, including both lay and medical, should be considered. 

If an opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training). As appropriate, the AOJ should conduct additional development or supplement the record. 

4. Thereafter, readjudicate the issue on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case which addresses all relevant evidence. The Veteran and his representative should be afforded the applicable time period in which to respond. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits. 38 C.F.R. § 20.1100(b) (2017).